IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 15-432 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHRISTIAN QUINTANA,** | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES SENTENCING MEMORANDUM

The United States has reviewed the sentencing memorandum filed by the Defendant in the above-captioned case. This memorandum requests that this Honorable Court accept the Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea agreement entered by the Defendant on October 27, 2015 before this Honorable Court. It is presumed that the Defendant will be seeking the lowest possible sentence available to him in the proposed plea agreement.

As an initial matter, the United States has no objections to the facts as set forth in the pre-sentence report. The pre-sentence report disclosed on February 10, 2015, correctly calculated the applicable offense level and criminal history relevant to the Defendant. The Defendant's adjusted total offense level, with acceptance, stands at 21. PSR ¶ 70. His criminal history category is I. PSR ¶ 70. The term of supervised release is not more than 3 years. PSR ¶ 73. Acknowledging that the plea agreement radically reduces the defendant's exposure to incarceration, the United States urges the Court to accept the agreement based on the fact that grounds for the variance are significantly tied to the facts of the case and the indeterminate impact of a trial. The parties arduously negotiated a plea taking into account possible defenses that could be raised.

The United States requests that this Honorable Court accept the plea agreement, but sentence the Defendant to 24 months incarceration. The proposed plea offer and sentence vary from the sentencing guidelines for justifiable reasons and do not result in sentencing disparities amongst other similarly situated defendants.

The difficulties associated with this case arise in the context of the evidence obtained from the investigation. Little investigation was done at the scene of the crime, no pictures to show where the fight took place. Officers involved otherwise did obtain multiple witness statements, pictures of the victim, and medical records regarding the injury. Based on some of the information, it could be possible that the Defendant would get instructions on self-defense if the matter proceeded to trial. The United States would argue that the two individuals agreed to mutual combat, which is why John Doe arrived at the residence in the first place. The Defendant would likely contend that he didn't pursue the victim, but rather stood his ground at his girlfriend's home. Once the fight began, the Defendant took out a knife, when John Doe was already outnumbered, and stabbed him. Case law generally supports the theory that self-defense cannot be invoked when the assault involves mutual combat which arguably was the case here. Taking those things into consideration the parties negotiated a plea that reconciled what would have otherwise been an indeterminate trial dynamic. The government also feels the need to mention the serious tribal charges involving a deadly weapon, assault, domestic abuse, and assault that the Defendant accrued in less than two years. Ultimately his unlawful conduct culminated to the instant offense, which could have been much worse considering the critical condition that John Doe initially was in. It is with great hope that federal intervention in this matter will have the deterring impact that cases of this nature should have on the Defendant. He

is young and has opportunities to take advantage of the resources of the government to help him become a more productive and law abiding citizen.

Given the fact that the Defendant has already benefited from the plea agreement, that the victim suffered life threatening injury, a sentence of 24 months is sufficient but not greater than necessary to satisfy the sentencing factors.

Wherefore, for the reasons described above, the United States respectfully requests that this Honorable Court accept the plea agreement in the above-captioned matter and sentence the Defendant to 24 months incarceration.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

\_\_\_\_\_/s/_____
DAVID ADAMS
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM  87103
(505) 224-1486

I hereby certify that on March 24, 2016, the foregoing was filed electronically through the CM/ECF system, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

\_\_\_\_\_/s/_____
DAVID ADAMS
Assistant United States Attorney