IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 1:15-CR-00432-001 WJ |
| | § | |
| CHRISTIAN QUINTANA, | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the defendant, Christian Quintana, through his attorney, Alonzo J. Padilla, Assistant Federal Public Defender, who urges this Court to accept the plea agreement that was entered into by the parties under Fed.R.Crim.P. 11(c)(1)(C) and to impose a sentence of 12 months and one day.

In support of this request, counsel for Mr. Quintana states:

1. On October 27, 2015, Mr. Quintana accepted responsibility for his conduct in this case and entered a plea of guilty to count one of a two-count Indictment, charging him with Assault With a Dangerous Weapon. Under the terms of the plea agreement that was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to a term of incarceration not to exceed 24 months. This agreement was entered into following negotiations between the government and Mr. Quintana and took into consideration the facts that the government would have to prove at the time of a trial to establish that Mr. Quintana was guilty beyond a reasonable doubt of committing this offense. Testimony at trial would have established that the victim, John Doe, was the initial aggressor and he began the fight by punching Mr. Quintana in the face. The fight between Mr. Quintana that started on the porch of a home in Dulce moved inside with other individuals participating in the altercation, including John Doe's

girlfriend, Mr. Quintana's fiancée, and a friend of Mr. Quintana. During the altercation, Mr. Quintana stabbed the victim resulting in injuries that the victim was not aware of until after he left the residence. Although the injuries appeared serious, the victim did not seek medical attention until contacted by police officers who were investigating the incident. At trial, the issue of self-defense would have been an issue for the jury to consider given the fact the victim was the initial aggressor who started a fight when he struck Mr. Quintana. Testimony would also have established that the victim is the sister of Mr. Quintana's fiancée and that the victim became angry with Mr. Quintana following what the victim felt was an insult directed at their brother, a convicted sex-offender, who at the time of the incident was residing in Albuquerque.

2. Mr. Quintana has acknowledged that his actions at the time of the fight were wrong and he apologies to the victim for the pain he endured as a result of being stabbed. The incident in question occurred on February 10, 2015 in Dulce, New Mexico when Mr. Quintana was 19. Although Mr. Quintana does have a criminal history, starting at age 13, only one charge on his record resulted in a final court disposition where a deferred sentence was imposed by the tribal court (PSR @ ¶19). Charges in all of the other cases were dismissed. (PSR @ ¶¶ 45 to 49) As a result, his total criminal history score is 0, establishing a criminal history category of I for sentencing purposes. Mr. Quintana has been in custody since the date he entered his plea on October 27, 2015, a period of six and a half months, which represents the longest time Mr. Quintana has ever been in custody. Prior to entering his plea on October 27, 2015, Mr. Quintana was released to the third-party custody of the La Pasada Halfway House. During the time that he was on pretrial supervision, he was complaint with all conditions of his release.

3. Mr. Quintana turns 21 in July of this year, and at such a young age, has taken on the responsibility of raising a large family. Thus, he is anxious to be released from custody to find

employment in the Albuquerque area.  He understands the problems that often arise from living in Dulce, a community where dysfunctional appears to be the norm and alcohol and drug abuse the cause of so many problems.  Mr. Quintana was raised by his mother in Dulce.  He credits his mother for always being there for him; he had a happy childhood even though he had limited contact with his father, who resides in Oklahoma.  He now has a family of his own and is the father of a 15-month old daughter.  Furthermore, his fiancée has six children from previous relationships, ranging in age from three to 16.  He has become a father-figure to all of his stepchildren, who have not had their biological fathers involved in their lives.  His fiancée remains supportive of him, and has moved to Albuquerque to be away from the influences associated with residing on the Jicarilla Apache reservation.  Mr. Quintana and his fiancée do not plan to return to the reservation once he is released from custody.

    4.    Mr. Quintana has learned a valuable lesson in this case and now understands what it means to have his liberty taken from him, something that has been reinforced day after day while awaiting sentencing.  He is anxious to get back to his family, to find employment, and to continue with his education.  Mr. Quintana understands he will be placed on supervised release and must comply with all conditions required by this Court, including the requirement to remain drug free and sober. He is confident that with the help he receives from probation that he will successfully complete the term of his supervision without any problems and that he will be a productive member of society who will be there for his children.  Letters of support received from Mr. Quintana's family will be forwarded to the Court to review prior to sentencing.

    5.    The parties have agreed upon a sentence of not more than 24 months.  Counsel submits that a sentence of 12 months and one day would be a reasonable sentence and does comply with all of the sentencing goals set forth in 18 U.S.C. § 3553(a).  To assist Mr. Quintana to make

a smooth transition back into society, the Court should also impose conditions of release that address his need for substance abuse and anger management treatment. Counsel feels that if Mr. Quintana can avoid returning to the Jicarilla Apache reservation after his release from custody, that he is more likely to succeed while on supervised release and Mr. Quintana also agrees with that conclusion.

      WHEREFORE, Defendant respectfully requests that this Court accept the plea agreement that was entered into by the parties under Fed.R.Crim.P. 11(c)(1)(C) and that the Court impose a sentence of 12 months and one day.

| | |
|---|---|
| I HEREBY CERTIFY THAT on May 6, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: AUSA David Adams.<br><br> /s/ *filed electronically* | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br> /s/ *filed electronically on 5/6/16*<br>ALONZO J. PADILLA, AFPD<br>Attorney for Defendant |